# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## First District—March Term, 1897.

### Atlas Furniture Company v. E. S. Higgins Carpet Company.

1. MEASURE OF DAMAGES—*For Defects in the Quality of Goods Sold.*—Where goods sold prove not to be of the quality bargained for, the purchaser is entitled to recover the difference between the contract price and the market value of the goods at the time and place of delivery.

2. INSTRUCTIONS—*Error Without Injury.*—A party to a suit can not complain, on appeal, of the giving or refusal of instructions on an issue upon which the jury found in his favor, as the verdict is conclusive that he was not harmed.

Assumpsit, on a promissory note and on the common counts. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed August 5, 1897.

ALBERT N. EASTMAN, attorney for appellant.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.
This suit was brought partly upon promissory note, and partly upon open account to recover the purchase price of carpets sold by appellee, a manufacturer, to appellant a retailer.

The defense was breach of warranty as to quality of goods sold.

The amount sued for, the contract price of the goods, was $1,398.04. The verdict rendered by appellee was for $900 only. It is thus apparent that the jury found upon the issue of warranty and breach thereof in favor of appellant.

The only complaint of appellant is, in substance, that the damages awarded for such breach of warranty were inadequate.

The points, as presented to the trial court upon appellant's motion for a new trial, and considered here as assignments of error, are:

1st. That the amount of the verdict is not supported by the evidence.

2d. That defendant's (appellant's) refused instructions, numbers 2 and 3, should have been given.

3d. That plaintiff's (appellees) second instruction should not have been given.

The evidence presented by appellant to establish damages resulting from breach of warranty, was perhaps sufficient to support the conclusion of the jury as to inferior quality of the goods, but was lacking in any definiteness as to amount of damages resulting.

A portion of the goods were returned to appellant by its customers. Warren C. Noyes testified that of one shipment, 720 yards of carpet were returned by customers. Much complaint is made of loss of trade by reason thereof; but aside from this speculative damage there is scant evidence as to how much in dollars and cents appellant was damnified.

Johnson testified that the carpets were of no value "to our trade."

Warren Noyes testified that there is no market value for such carpets, and said, "We could use all that came back but we got very little for them."

How much appellant received for them is nowhere disclosed.

He also testified that "speaking of their relative value

as they came to the office first and when they came back" (returned by customers), the value was about one-third.

Charles Noyes testified that they were not worth anything " to our house."

Moran testified that carpets, such as the one exhibited to him, would not have any value.

There was testimony that one of the worst of the carpets in question, after having been returned by a customer, was ·sold at thirty cents per yard. What the purchase price of that particular carpet was, when sold to appellant, does not appear.

From such evidence the jury could not accurately measure the damage.

If the appellee complained here of the lack of definite evidence to support the award of damages by the jury for breach of warranty, we would be compelled to seriously question its sufficiency. But appellant, if it has received that which was not warranted by the evidence and has been deprived of nothing to which it was entitled under the evidence, can not be heard to complain.

The second instruction for appellant refused, related only to the issue of warranty and breach thereof. Upon that issue the jury found for appellant, and hence no prejudice could have resulted to it from the refusal.

The third instruction presented by appellant, and refused, incorrectly states the rule as to measure of damages, in that it substituted actual worth at the time of purchase for market value at time and place of delivery. Carpenter v. First Nat'l Bank, 119 Ill. 352.

The second instruction given for appellee can not be complained of, for it relates only to the issue of warranty and the verdict is conclusive that appellant was not harmed.

No error is presented which could have worked prejudice to appellant.

The judgment is therefore affirmed.